IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD CROSBY,     ) | |
|         Plaintiff,   ) | |
| v.                  ) | Civ. No. 04-1535-SLR |
| LANDSTAR, et al.,     ) | |
|         Defendants.   ) | |

**O R D E R**

At Wilmington this 8th day of April, 2005, having reviewed defendants' motion to dismiss or transfer and the papers submitted in connection therewith;

IT IS ORDERED that, on or before **May 9, 2005**, plaintiff shall supplement the record with the following information:

1. Facts and circumstances surrounding the accident referred to in plaintiff's amended complaint;

2. Defendants' relationship to that accident;

3. Facts and circumstances of the work performed by plaintiff for which he claims he was not paid; and

3. The specific harm alleged.

**FAILURE TO TIMELY RESPOND TO THIS ORDER SHALL RESULT IN DISMISSAL OF THE ACTION.**

IT IS FURTHER ORDERED that defendants' motion to dismiss under Federal Rule of Civil Procedure 8 and 9[1] (D.I. 4) is denied in part, without prejudice to renew, and granted in part for the following reasons:

1. Plaintiff, a pro se litigant, filed his complaint on December 20, 2004, alleging "theft by deception and damages related to [an accident occurring on December 20, 2002,] including medical and legal cost in the [amount] of $40,042,000." (D.I. 1) Plaintiff amended his complaint on December 28, 2004, indicating that his claim was brought pursuant to 18 U.S.C. § 660, 15 U.S.C. § 3901 and 49 U.S.C. § 14704.

2. According to the complaint, plaintiff is a Delaware resident and defendant Landstar is a Delaware corporation. Defendants have allegedly not paid him for "work completed and [have] failed to pay insurance claims." (D.I. 6) Plaintiff claims that defendant Landstar's "independent investigator stated

---

[1] Federal Rule of Civil Procedure 8 states:
A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.
Federal Rule of Civil Procedure 9(g) requires a plaintiff to specifically state the items of special damage when such damages are claimed.

in his report that [] defendant's equipment was at fault and the cause of the accident."

3.  Defendants assert that plaintiff's amended complaint does not meet the pleading requirements of Fed. R. Civ. P. 8 because the complaint does not set forth any grounds for jurisdiction, or any facts whatsoever.  Nor does his complaint comply with Fed. R. Civ. P. 9 because medical expenses for personal injury are "special damages," but plaintiff has not provided any evidence of such damages.  (D.I. 5 at 5)

4.  The only statute cited by plaintiff in his amended complaint that can be the basis for a civil action is 49 U.S.C. § 14704.  18 U.S.C. § 660 is a criminal statute applicable to individuals who are charged with embezzling money from "common carriers."  15 U.S.C. § 3901 is a section of definitions to be used in reference to the Liability Risk Retention Act of 1981, which "facilitate[s] the ability of product sellers to establish product liability risk retention groups, to facilitate the ability of such sellers to purchase product liability insurance on a group basis, and for other purposes."  Product Liability Risk Retention Act of 1981, Pub. L. 97-45, 95 Stat. 949.  Plaintiff has not alleged facts that lead this court to infer that he is a product seller to which this Act would apply.  Therefore, defendants' motion to dismiss is granted with respect to plaintiff's claims under 18 U.S.C. § 660 and 15 U.S.C. § 3901.

5. Defendants' motion to dismiss or transfer is denied, without prejudice to renew after plaintiff has supplemented the record, with respect to plaintiff's claims under 49 U.S.C. § 14704.

                                                     /s/ Sue L. Robinson
                                        United States District Judge