IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD CROSBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-1535-SLR |
| | ) |
| LANDSTAR, et al., | ) |
| | ) |
| Defendants. | ) |

Richard Crosby, New Castle, Delaware.  Pro se Plaintiff.

James E. Drnec, Esq. of Morris, James, Hitchens & Williams, Wilmington, Delaware.  Counsel for Defendants.

MEMORANDUM OPINION

Dated: June 21, 2005
Wilmington, Delaware

ROBINSON, Chief Judge

I.  INTRODUCTION

Plaintiff, a pro se litigant, filed his complaint on December 20, 2004, alleging "theft by deception and damages related to [an accident occurring on December 20, 2002,] including medical and legal cost in the [amount] of $40,042,000." (D.I. 1)  In addition, plaintiff has alleged that defendants have not paid him for "work completed and [have] failed to pay insurance claims." (D.I. 6)  Plaintiff amended his complaint on December 28, 2004, indicating that his claims were brought pursuant to 18 U.S.C. § 660, 15 U.S.C. § 3901 and 49 U.S.C. § 14704.  Defendants filed a motion to dismiss plaintiff's claims, which was granted in part and denied in part on April 8, 2005.[1] (D.I. 7)  The court also requested that plaintiff supplement the record in order to more specifically state his allegations.

Now pending before the court is defendants' motion to dismiss for failure to state a claim and plaintiff's motion to schedule a trial date or pretrial hearing.  (D.I. 8, 9)

II.  BACKGROUND

Plaintiff is a Delaware resident and defendant Landstar is a Delaware corporation.  (D.I. 1)  Plaintiff owns his own semi-truck.  (D.I. 12 at ¶ 1)  On July 1, 2001, plaintiff and

---

[1]The motion was granted as to plaintiff's claims under 18 U.S.C. § 660, 15 U.S.C. § 3901, but denied as to plaintiff's claims under 49 U.S.C. § 14704.  (D.I. 7)

defendants entered into a Motor Vehicle and Haulage Agreement ("the Agreement"), under which plaintiff agreed to haul loads for defendants as an independent contractor. (D.I. 10, Ex. B) Under the Agreement, defendants provided plaintiff with a trailer for carrying the load. (Id.; D.I. 12) On December 20, 2002, while transporting defendants' load, the trailer "failed" when "the tie down 'D-rings' shattered under stress releasing the load to fly forward causing plaintiff harm and destroying [his] semi-truck."[2] (D.I. 12 at ¶ 1) In addition to the damage to his semi-truck, plaintiff suffered physical injuries in the accident and alleges that defendants have failed to meet their payment obligations under the Agreement. (D.I. 12 at ¶¶ 3, 4)

III. STANDARD OF REVIEW

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the

---

[2] Because this is a motion to dismiss, the court considers the facts as alleged by plaintiff.

complaint." <u>Id.</u> Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972); <u>Gibbs v. Roman</u>, 116 F.3d 83, 86 n.6 (3d Cir. 1997); <u>Urrutia v. Harrisburg County Police Dep't.</u>, 91 F.3d 451, 456 (3d Cir. 1996). The moving party has the burden of persuasion. <u>See</u> <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir. 1991).

IV. DISCUSSION

    A.   49 U.S.C. § 14704

In this case, plaintiff has asserted his claims under 49 U.S.C. § 14704. The statute, titled "Rights and remedies of persons injured by carriers or brokers," states:

> (a) . . . (1) A person injured because a carrier or broker providing transportation or service subject to jurisdiction under [49 U.S.C. §§ 13101 et seq.] does not obey an order of the Secretary or the Board as applicable . . . may bring a civil action to enforce that order under this subsection. . . . (2) . . . A carrier or broker providing transportation or service subject to [49 U.S.C. §§ 13101 et seq.] is liable for damages sustained by a person as a result of an act or omission of that carrier or broker in violation of [49 U.S.C. §§ 13101 et seq.].

49 U.S.C. § 14704.

Section 14704 was enacted by Congress as part of the ICC Termination Act of 1995 ("ICC Act"). With the enactment of the ICC Act, Congress disposed of the Interstate Commerce Commission and transferred its responsibilities to the Department of Transportation ("DOT"). See Owner-Operator Indep. Drivers Ass'n, Inc. v. New Prime, Inc., 192 F.3d 778, 780 (8th Cir. 1999). Congress, however, did not transfer all of the responsibilities of the ICC to DOT. A section of the ICC Act allows commercial disputes, which had been administratively adjudicated by the ICC, to be brought in federal court. H.R.Rep. No. 104-311, at 87-88 (1995), reprinted in 1995-2 U.S.C.C.A.N. 793, 799-800. Specifically, the ICC Act was intended to "permit . . . private, commercial disputes to be resolved the way that all other commercial disputes are resolved - by the parties." Section 14704, in particular, was intended to "provide for private enforcement of the provisions of the Motor Carrier Act in court." H.R.Rep. No. 104-311, at 87-88 (1995), reprinted in 1995-2 U.S.C.C.A.N. 793, 799-800; Owner-Operator Indep. Drivers Ass'n, 192 F.3d at 785.

In this case, the court concludes that plaintiff does not allege a claim that can be remedied under § 14704. Plaintiff does not allege any violations of the Motor Carrier Act, nor does he assert facts that would support such an allegation. Plaintiff's claims for personal injury and property damage are

more like negligence claims. Section 14704 does not give this court jurisdiction over negligence claims, which are traditionally within the purview of state jurisdiction. See Schramm v. Foster, 341 F.Supp.2d 536, 547 (D. Md. 2004); Stewart v. Mitchell Transp., 241 F.Supp.2d 1216, 1220 (D. Kan. 2002). Therefore, defendants' motion to dismiss is granted as to plaintiff's negligence claims and his claims under § 14704.

B.  **Breach Of Contract**

Plaintiff contends that he has not been paid for work performed under the Agreement, nor has defendant made insurance payments to him. The Agreement between plaintiff and defendants provides that the Agreement "is to be governed by the laws of the State of Illinois." Furthermore, "[a]ny dispute arising out of or relating to this Agreement, including any allegation of breach thereof, shall be fully and finally resolved by arbitration in accordance with Illinois' arbitration action . . . ." (D.I. 10, Ex. B at ¶ 25)[3]  Breach of contract is also a state law claim, in

---

[3] Plaintiff alleges that exhibit B "is a fraud and illegible" that "page one and two are clearly not the same document . . . also pages do not match fax dates at top and are clearly not of the same document." Plaintiff, however, alleges he was carrying a load for defendants using his own semi-truck. At some point, the parties entered into an agreement upon which plaintiff was to provide services and defendants were to pay for such services. Plaintiff has failed to provide the court with an alternate agreement, and plaintiff's signature is on the agreement provided by defendants. Therefore, the court concludes that the agreement provided by defendants is the controlling agreement in this case.

this case an Illinois state law claim. As such,[4] this court does not have jurisdiction over plaintiff's breach of contract claims and defendants' motion to dismiss is granted with respect to plaintiff's breach of contract claims.

V. CONCLUSION

For the reasons stated, defendants' motion to dismiss is granted. (D.I. 9) The court finds plaintiff's motion to set a trial date or pretrial hearing is moot. (D.I. 8) An order consistent with this memorandum opinion shall issue.

---

[4]Because both plaintiff and defendants are citizens of the State of Delaware, the court cannot exert jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332, which requires diversity of citizenship.